UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-22077-GAYLES

**MARTIN L. MCCRAY**,

    Plaintiff,

v.

**STATE OF FLORIDA,
HARVEY RUVIN, and
CLERK OF COURT**,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On May 19, 2020, *pro se* Plaintiff Martin L. McCray filed a pleading titled "Rule 60(B)(2)(3)(4)(6)(d)(3) Manifest Injustice Fraudulent Written Judgment and Sentence Entitlement to Emergency Discharge from Custody" (the "Petition") in which he seeks to vacate a state court judgment. *See* [ECF Nos 1 & 5]. Plaintiff attacks the constitutionality of his 1991 conviction and sentence that was entered in Miami-Dade County Circuit Court in case no. F90-38756. [ECF No. 1].

The Court has reviewed the Petition and the record and is otherwise fully advised. The Court also takes judicial notice of a related *habeas* application that Plaintiff previously filed with this Court in *McCray v. State of Florida*, case no. 05-CV-22856-HIGHSMITH, as well as the records and the filings contained therein. *See* Fed. R. Evid. 201. No order to show cause has been issued in this case because, for the reasons discussed below, the Court finds that the Petition, as filed, is an unauthorized successive petition that must be dismissed for lack of jurisdiction.

Before filing the instant Petition, Plaintiff filed an application for writ of *habeas corpus* in 2005, pursuant to 28 U.S.C. § 2254, challenging the same Miami-Dade conviction that he challenges here. *See* 05-CV-22856-HIGHSMITH, [ECF No. 1]. That application was denied on the merits as time-barred. *See id.* [ECF Nos. 37 & 39]. Plaintiff then appealed that denial, and his appeal was later dismissed. *See id.* [ECF No. 49].

Rule 60 provides for relief from a judgment or order previously entered but does not contemplate relief from state court judgments. *See generally* Fed. R. Civ. P. 60. The nature of Plaintiff's claims in the instant Petition are, in all relevant respects, those which Plaintiff could have raised in his prior § 2254 petition. And the Supreme Court has made clear that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents [the Antiterrorism and Effective Death Penalty Act of 1996's] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (citing 28 U.S.C. § 2244(b)(2)). Because the Petition seeks relief from a criminal state court judgment that was the subject of Plaintiff's prior § 2254 application, the Court construes it as a successive § 2254 petition. *See, e.g.*, *Echemendia v. Florida Dep't of Corr.*, 716 F. App'x 914, 916–17 (11th Cir. 2017) (finding that the district court properly construed the plaintiff's motion as an unauthorized successive petition).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application

2

shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). Accordingly, unless a petitioner presents such authorization from the Eleventh Circuit Court of Appeals, the Court lacks jurisdiction to consider a successive petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that the district court was without jurisdiction to entertain an unauthorized second or successive petition).

Here, the record nowhere indicates that Plaintiff has sought, much less obtained, authorization from the Eleventh Circuit Court of Appeals to file a successive petition as required by 28 U.S.C. § 2244(b)(3). Therefore, the Petition must be dismissed for lack of jurisdiction.

Finally, no certificate of appealability shall issue in this case. A prisoner seeking to appeal a district court's final order denying his petition for writ of *habeas corpus* has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–the final order in a *habeas corpus* proceeding in which the detention complained of arises out of process issued by a State Court[.]").

The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where a district court has rejected an applicant's constitutional claims on the merits, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a *habeas* petition on procedural grounds, the applicant must show that "jurists of reason

3

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, the Court finds that Plaintiff has not demonstrated that jurists of reason would find it debatable whether the Court is correct in its procedural ruling. Therefore, no certificate of appealability shall issue.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's pleading, titled "Rule 60(B)(2)(3)(4)(6)(d)(3) Manifest Injustice Fraudulent Written Judgment and Sentence Entitlement to Emergency Discharge from Custody," [ECF No. 1], which the Court construes as a successive petition for *habeas corpus* is **DISMISSED for lack of jurisdiction**;

2. No certificate of appealability shall issue; and

3. The case shall be **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2020.

                                                           DARRIN P. GAYLES
                                                           UNITED STATES DISTRICT JUDGE

cc:    Martin L. McCray (*pro se*)
        403163 Santa Rosa Correctional Institution Annex
        Inmate Mail/Parcels
        5850 East Milton Road
        Milton, FL 32583

        Noticing 2254 SAG Miami-Dade/Monroe
        Email: CrimAppMIA@MyFloridaLegal.com