UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22077-GAYLES

**MARTIN L. MCCRAY**,

    Petitioner,

v.

**STATE OF FLORIDA,
HARVEY RUVIN, and
CLERK OF COURT,**

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Martin McCray's pleading, titled "Permission to File Supplemental Argument" [ECF No. 11], in which he argues that this Court's *sua sponte* dismissal of the case, [ECF No. 7], denied him procedural due process because a Magistrate Judge was required to first issue a Report and Recommendation. For the following reasons, the Motion is denied.

Petitioner initiated this action on May 19, 2020 by filing a pleading titled "Rule 60(B)(2)(3)(4)(6)(d)(3) Manifest Injustice Fraudulent Written Judgment and Sentence Entitlement to Emergency Discharge from Custody." [ECF No. 1]. The Court construed the pleading as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, because it attacked the constitutionality of Petitioner's 1991 state court conviction and sentence. *See* [ECF No. 7]. The Court *sua sponte* dismissed the petition for lack of jurisdiction because Petitioner had previously filed a habeas petition in case no. 05-CV-22856-HIGHSMITH, and he had failed to obtain

authorization from the Eleventh Circuit Court of Appeals to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). [*Id.* at 2–3].

Because the instant Motion essentially challenges that dismissal order, the Court shall liberally construe it as a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b)(1).[1] Rule 60(b)(1) provides relief from a district court's order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (The "broad language [of Rule 60(b)(1)] seems to include mistakes of fact as well as mistakes of law[.]"). In the Motion, Petitioner argues that the Clerk's Notice in this case, [ECF No. 2], which stated that "this matter is referred to a Magistrate Judge … for a Report and Recommendation on any dispositive matters," prohibited the Court from *sua sponte* dismissing the case without first receiving a Report and Recommendation from a Magistrate Judge. [ECF No 11 at 4]. Petitioner argues that the lack of a Report and Recommendation in this case violated his procedural due process rights because he was denied an opportunity to file objections to such a Report. [*Id.*].

Petitioner points to no authority, and the Court is aware of none, that supports this argument. Under 28 U.S.C. § 636(b)(1)(A), "a judge *may* designate a magistrate judge to hear and determine any pretrial matter pending before the court." (emphasis added). Section 636(b) was enacted "to permit district courts to increase the scope of responsibilities that magistrates can undertake upon reference, as part of its plan to establish a system capable of increasing the overall efficiency of the Federal judiciary." *Mathews v. Weber*, 423 U.S. 261, 261–62 (1976) (internal quotations omitted). "But Congress also intended that in such references the district judge retain

---

[1] "Federal courts have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990)

- 3 -

ultimate responsibility for decisionmaking." *Id*. at 262. Even if a Magistrate Judge had issued a Report and Recommendation in this case, the district court was free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1). Therefore, the lack of a Report and Recommendation from a Magistrate Judge had no bearing on the outcome of this case. *See Mathews*, 423 U.S. at 262. Petitioner identifies no error in the Court's judgment that it lacked jurisdiction over this case.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's "Permission to File Supplemental Argument" [ECF No. 11] is **DENIED,** and no certificate of appealability shall issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of July, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record; and

   Martin L. McCray
   403163
   Santa Rosa Correctional Institution Annex
   Inmate Mail/Parcels
   5850 East Milton Road
   Milton, FL 32583
   PRO SE